UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MITCHELL,

    Plaintiff,

v.                                                                     Case No. 13-13632

PAUL KLEE, LEE McROBERTS,                   HON. AVERN COHN
SHERMAN CAMPBELL, STEVEN KINDINGER,
and BRIAN EVERS,

    Defendants.

_____/

**MEMORANDUM AND ORDER**
**OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 24)**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 23)**
**AND**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 19)**
**AND**
**DISMISSING CASE**

I.

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff James Mitchell, proceeding pro se, filed a complaint alleging that defendants' failure to protect him from attack by another prisoner violated his Eighth Amendment rights. Defendants are: Paul Klee, Lee McRoberts, Sherman Campbell, Steven Kindinger and Brian Evers, all of whom are employed by the Michigan Department of Corrections. The matter was referred to a magistrate judge for pretrial proceedings. See Doc. 7.

Defendants filed a motion for summary judgment. (Doc. 23). On March 3, 2015, the magistrate judge issued a report and recommendation, recommending that the

motion be granted. Specifically, the magistrate judge recommends that (1) plaintiff's claims against Campbell, Kindinger, and Evers be dismissed without prejudice for failure to exhaust his administrative remedies[1] and (2) plaintiff's claims against Klee and McRoberts be dismissed with prejudice for because he has not made out a viable Eighth Amendment claim against them.

Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will adopted, and defendants' motion will be granted.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with

---

[1] As the magistrate judge noted, although defendants moved for summary judgment under Fed. R. Civ. P. 56, dismissal for failure to exhaust is more appropriate to a motion under Fed. R. Civ. P. 12. Further, because the magistrate judge concluded that plaintiff had in fact failed to exhaust his administrative remedies as to these defendants, the magistrate judge did not consider the substance of plaintiff's allegations against them.

a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Plaintiff's objections essentially repeat the arguments considered and rejected by the magistrate judge. As to exhaustion of administrative remedies, plaintiff admits that he did not name Campbell, Kindinger, and Evers in any grievances but argues that these individuals are "in the chain of authority" and would have "logically been informed of any grievances" against him. However, as explained in the MJRR, exhaustion of administrative remedies requires that plaintiff name the individual or individuals grieved. Moreover, plaintiff appears to allude to other incidents where he says defendants failed to protect him beyond the incident in the chow hall. Should plaintiff wish to pursue claims against Campbell, Kindinger, and Evers, he must not only name them in the grievance but also state in sufficient detail the incident or incidents he is grieving.

As to plaintiff's claims against Klee and McRoberts, the Court agrees with the magistrate judge that plaintiff has not made out a viable claim against them because the record fails to show they were deliberately indifferent to his safety regarding the chow hall incident. Again, if plaintiff believes there are other incidents where he believes his safety was put at risk which included Klee and McRoberts, he must file proper grievances against them.

III.

Accordingly, for the reasons stated above, plaintiff's objections are OVERRULED.  The MJRR is ADOPTED as the findings and conclusions of the Court. Defendants' motion for summary judgment is GRANTED.

Plaintiff's claims against Campbell, Kindinger, and Evers are DISMISSED WITHOUT PREJUDICE.  Plaintiff's claims against Klee and McRoberts are DISMISSED WITH PREJUDICE.

This case is DISMISSED.

SO ORDERED.

        s/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated:  March 25, 2015

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 25, 2015, by electronic and/or ordinary mail.

       S/Sakne Chami

       Case Manager, 313-234-5160